IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| THOMAS FLEMING, | ) | |
| | ) | |
| Plaintiff, | ) | 4:03cv3307 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| HAROLD W. CLARKE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on filing no. 66, the Motion for Summary Judgment filed by defendant-Janssen Williams, M.D. The pro se plaintiff, Thomas Fleming, is a prisoner in the custody of the Nebraska Department of Correctional Services ("DCS"), who was continuously confined in segregation from August of 1991 until January of 2004, after an escape attempt.  The plaintiff seeks damages and injunctive relief pursuant to 42 U.S.C. §§ 1983 and 1985 for violations of the Eighth Amendment to the United States Constitution and deprivations of due process and equal protection.

For his almost 13 years in segregation, first in the Control Unit of the Nebraska Penitentiary ("NSP") and then in the Special Management Unit of the Tecumseh State Correctional Institution ("TSCI"), the plaintiff was in virtually total isolation and suffered other privations, such as inadequate medical care for a deteriorating knee, as well as psychological injury caused by prolonged isolation.  The plaintiff asserts that his living conditions not only imposed an "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life," Sandin v. Conner, 515 U.S. 472, 484 (1995), but he was never informed of measures he could have taken to earn release from punitive segregation.

In his deposition, the plaintiff describes years of periodic "reviews" of his classification status, in which the decisions to renew segregation were already made *before* each "hearing," and each decision had even been memorialized in a written Addendum (recommendation) before he was allowed to be heard. The plaintiff complains that he received no more than pretextual due process, and he was kept in administrative segregation for almost 13 years through sham reviews.  See, e.g., McClary v. Coughlin, 87 F. Supp.2d 205 (W.D. N.Y. 2000), aff'd, 237 F.3d 185 (2d Cir. 2001).  Meaningful "periodic review" is necessary to ensure that administrative segregation is not used "as a pretext for indefinite confinement of an inmate."  McClary v. Coughlin, 87 F. Supp.2d at 212, *quoting* Hewitt v. Helms, 459 U.S. 460, 477 n.9 (1983).  While the Supreme Court may not have provided "a precise and exact definition of what a *meaningful* periodic review of administrative segregation entails," the law was sufficiently clearly established such that the defendants were not entitled to qualified immunity for the plaintiff's allegations of

1

"*meaningless* review." McClary v. Coughlin, 87 F. Supp.2d at 212-13 (emphasis added). "Even if an inmate's initial assignment to administrative segregation is fair and comports with due process, the inmate has a continuing due process right in connection with prison officials' decisions to maintain the inmate in administrative segregation." Id. at 213.[1]

While the plaintiff acknowledges that he deserved segregation for some period in response to his escape attempt, he maintains that his extended period in segregation was unduly excessive and substantially exceeded disciplinary sanctions imposed on other prisoners who posed greater security risks. The plaintiff reasons that he was relegated to segregation for an extraordinary period, especially in light of his eight years of model behavior while in segregation; that the defendants violated his right to equal protection, and that they deprived him of substantive and procedural due process.

In addition, the plaintiff maintains that he received substandard medical care as a direct consequence of his placement in segregation. According to the plaintiff, Dr. Williams recommended that the plaintiff wear a metal knee brace to stabilize his right knee. Dr. Williams even showed the plaintiff a picture of the brace and explained how the brace would improve the plaintiff's ability to walk, ease his pain, and alleviate deterioration of the knee. However, prison officials would not permit the plaintiff to have a metal knee brace while in segregation. Meanwhile, swelling, pain and deterioration of the knee intensified. The palliative measures of Ibuprofen, steroid injections, and a neoprene knee sleeve (which did not fit correctly) brought no relief. Thus, the plaintiff has alleged a physical injury proximately resulting from his extended period in segregation. See 42 U.S.C. § 1997e(e): "Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

In filing no. 66, Dr. Williams disclaims responsibility for, or ability to change, the prison regulations which prohibited metal devices, such as a knee brace, to inmates in segregation.[2] Dr. Williams also argues that a prisoner who merely disagrees with a

---

[1]During one of the "review hearings," defendant-Mel Rouf stated to the plaintiff, "you're an animal," "lower than an animal," because of horrific injuries inflicted on a guard during the prison escape in which the plaintiff had participated. No one else at that particular hearing, including defendant-Beaver, asked Rouf to leave. For obvious reasons, the plaintiff questions the fairness and impartiality of such "hearings."

[2]The plaintiff testified in his deposition that he began to experience a flare-up of swelling in his leg in early 2002. An MRI revealed cartilage damage and a cyst behind the knee. Dr. Williams diagnosed the plaintiff as having a degenerative knee condition, but said that the plaintiff was too young to receive a knee replacement. The leg continued to swell; the knee was hard to bend; the plaintiff could barely walk; and he suffered a lot of pain. Dr. Williams scheduled the plaintiff for arthroscopic surgery with a nonprison surgeon who clipped some cartilage and removed the cyst. However, the cyst returned, and so a

recommended course of treatment does not state an Eighth Amendment claim, although, in this case, Dr. Williams actually did recommend the course of treatment which the plaintiff sought.

The record unequivocally shows that Dr. Williams bears no responsibility for the policy which prevented the plaintiff from possessing a metal knee brace while in segregation. The court instructed the plaintiff (filing no. 71) regarding the importance of responding to the Motion for Summary Judgment. However, the plaintiff has not done so. Dr. Williams has submitted the plaintiff's deposition (filing no. 68, Ex. 2) in support of the Motion for Summary Judgment. In his deposition, the plaintiff acknowledges that prison regulations prevented him from receiving a metal brace while in segregation, although he believes Dr. Williams should have fought harder for him. It is clear from the record that the responsibility for the deprivations suffered by the plaintiff did not lie with Dr. Williams.

THEREFORE, IT IS ORDERED:

1. That filing no. 66, the Motion for Summary Judgment filed by defendant-Janssen Williams, M.D. is granted;

2. That Dr. Williams is dismissed from this litigation;

3. That Magistrate Judge F. A. Gossett is requested to enter an Order Setting a Schedule for the Progression of this case to trial; and

4. That because this case will be progressed to trial against the remaining defendants, the plaintiff may move for appointment of counsel.

DATED this 6th day of September, 2005.

BY THE COURT:

s/ WARREN K. URBOM
United States Senior District Judge

---

month later, a second surgery was performed to remove the new cyst. Then the plaintiff transferred to TSCI. At TSCI, the swelling in the knee remained, the cyst again returned, but Dr. Williams recommended against additional surgeries and suggested the knee brace. Dr. Williams treated the plaintiff with steroid injections for pain at six-month intervals, with nonprescription painkillers in between. Because of prison regulations, Dr. Williams could provide the plaintiff only with a neoprene knee sleeve.