IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| THOMAS FLEMING, | ) | |
| | ) | 4:03cv3307 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | FINAL PROGRESSION ORDER |
| | ) | |
| HAROLD W. CLARKE, et al., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on filing no. 75, the Motion for Appointment of Counsel filed by the plaintiff, Thomas Fleming. The motion is granted, and Sue Ellen T. Wall, Esq. is appointed to represent the plaintiff as his attorney in the above-entitled litigation. Within ten (10) days of the date of this Order, Ms. Wall shall enter an appearance in this case and, as soon thereafter as practicable, she shall contact the plaintiff to make arrangements to confer in person or by telephone. Ms. Wall is appointed for the purposes of assisting the plaintiff in preparing for trial, for conducting such additional discovery as may be necessary, for retaining such expert witness(es) as may be needed at the trial of this case, and for representing the plaintiff in connection with the trial of this matter. Ms. Wall shall prepare such "Application(s) for Authorization to Incur Expenses" and "Request(s) for Reimbursement" as may be appropriate to obtain reimbursement for the costs associated with retention of any expert witness(es).

To provide the plaintiff's attorney with time to become familiar with the case, and to enable the parties to prepare for a trial in the summer of 2006, the court enters the following schedule for the progression of this case to trial.

**IT IS ORDERED:**

1. **Deposition Deadline.** All depositions, whether or not they are intended to be used at trial, shall be completed by **March 30, 2006.** All interrogatories, requests for admission and requests for production or inspection, whether or not they are intended to be used at trial, shall be served sufficiently early to allow rule time response before that date. Counsel may stipulate to extensions of time to respond to discovery requests in

accordance with Fed. R. Civ. P. 29, but such extensions shall not extend any of the dates in this order; any requests for extensions of any of the deadlines herein shall be made by appropriate motion and order.

    2.    **Disclosure of Expert Witnesses.**[1] The plaintiff shall, as soon as practicable but **not later than January 6, 2005**, serve the defendants with the statement required by Fed. R. Civ. P. 26(a)(2) regarding each expert witness he expects to call to testify at trial pursuant to the provisions of Rule 702, 703 or 705, Fed. Rules of Evidence. The defendants shall serve the plaintiff with their statement of the expert witnesses they expect to call to testify pursuant to Rule 702, 703 or 705, Fed. Rules of Evidence, pursuant to Fed. R. Civ. P. 26(a)(2) as soon thereafter as practicable, but **not later than February 6, 2006.** If necessary to refute the disclosed opinions of an expert witness of an opponent, a party may disclose additional expert witnesses not later than fifteen (15) days prior to the date set for completion of depositions, provided that the disclosing party then provides all of the information described in Fed. R. Civ. P. Rule 26(a)(2) and makes the expert witness available for deposition prior to the date set for completion of deposition. Supplementation of these disclosures, if originally made prior to these deadlines, shall be made on these deadlines as to any information for which supplementation is addressed in Fed. R. Civ. P. 26(e). The testimony of the expert at trial shall be limited to the information disclosed in accordance with this paragraph.

    3.    **Pretrial Disclosures.** Pursuant to Fed. R. Civ. P. 26(a)(3), each party shall provide to all other parties the following information regarding the evidence that it may present at trial other than solely for impeachment purposes as soon as practicable **but not later than the date specified**:

    **A.**    <u>**Nonexpert Witnesses**</u> **- On or before April 30, 2006:** The name, address and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises.

---

[1] Generally, a treating physician shall not be deemed to be "retained or specially employed to provide expert testimony in a case" within the meaning of Fed. R. Civ. P. 26(a)(2)(B), but a treating physician must be identified pursuant to Fed. R. Civ. P. 26(a)(2)(A).

  **B.** **Deposition Testimony and Discovery - On or before May 22, 2006:** 1) The portions of each deposition, designated by page and line, that it intends to offer and 2) each discovery response of another party it intends to offer. Such designations and any objections thereto shall also be included in the final pretrial conference order. **See** NECivR 16.2.

  **C.** **Trial Exhibits - On or before May 22, 2006:** A list of all exhibits it expects to offer by providing a numbered listing and permitting examination of such exhibits. The parties shall also designate on the list those exhibits it may offer only if the need arises.

  **D.** **Waiver of Objections** - Any objections to the use of witnesses, deposition designations, discovery responses, or exhibits shall be listed in the pretrial order. Failure to list objections (except those under Fed. R. Evid. 402 and 403) shall be deemed waived, unless excused by the court for good cause shown.

  **E.** **Filing of Disclosures** - The filing of pretrial disclosures required by Fed. R. Civ. P. 26(a)(3) shall be deemed filed at the time of the filing of the Order on Final Pretrial Conference in this matter.

4. **Motions in Limine.**

  **A.** ***Daubert* Motions** - Any motion *in limine* challenging the admissibility of testimony of an expert witness under Rule 702, Fed. Rules of Evidence shall be filed **on or before March 1, 2006**, in the absence of which any objection based upon said rule shall be deemed waived. **See *Kumho Tire Co., Ltd. v. Carmichael***, 526 U.S. 137 (1999); ***Daubert v. Merrell Dow Pharms.***, 509 U.S. 579 (1993).

  **B.** **Any other** motions *in limine* shall be filed not later than **March 15, 2006.**

5. **The dispositive Motion deadline** has expired.

6. **The Final Pretrial Conference** with the undersigned magistrate judge is set for **June 8, 2006 at 11:00 a.m.** in chambers, Suite 2210, Roman L. Hruska United States Courthouse, 111 South 18th Plaza, Omaha, Nebraska. The final pretrial conference shall

be attended by lead counsel for represented parties. Counsel shall complete prior to the pretrial conference, all items as directed in NECivR 16.2. By the time of the pretrial conference, full preparation for trial shall have been made so that trial may begin at any time thereafter.

7. **Trial**. The trial of this matter is set to commence at **9:00 A.M., on July 10, 2006** in Lincoln, Nebraska, before the Honorable Warren K. Urbom.

8. **On or before May 30, 2006**, the parties are to provide a status report regarding settlement negotiation. The report shall be in the form of a letter to the court from the plaintiff on behalf of all of the parties.

9. **Motions to Alter Dates.** All requests for changes of date settings shall be directed to the undersigned magistrate judge by appropriate motion.

10. **Counsel.** The plaintiff's Motion for Appointment of Counsel (filing no. 75) is granted, and Sue Ellen T. Wall, Esq. is appointed to represent the plaintiff. In addition to the parties, the Clerk of Court shall furnish a copy of this Memorandum and Order to Ms. Wall.

DATED this 30th day of September, 2005.

BY THE COURT:

s/ F.A. Gossett
United States Magistrate Judge