IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| THOMAS FLEMING, ) | |
| ) | |
| Plaintiff, ) | 4:03CV3307 |
| ) | |
| v. ) | |
| ) | |
| NEBRASKA DEPARTMENT OF ) | MEMORANDUM AND ORDER ON ORAL |
| CORRECTIONAL SERVICES, HAROLD ) | REQUEST FOR A VICTIM'S |
| CLARKE, FRANK HOPKINS, FRED ) | STATEMENT |
| BRITTEN, MEL ROUF, DONN BEAVER, ) | |
| DAVE GARRETT, TERESA PREDMORE, ) | |
| ANNE TOPLEY, MIKKI KIRKPATRICK, ) | |
| KELLY WARD, ROBERT CURRY, JOHN ) | |
| LEDUC, and RANDY KOHL, ) | |
| ) | |
| Defendants. ) | |

Trial of this nonjury civil case was held on September 25 and 26, 2006.

On September 27, 2006, Ms. Karina Reinke telephoned my office and spoke with my administrative assistant asking that Ms. Reinke be permitted to speak with me. My administrative assistant told her that I do not, as a matter of policy, speak with any one person alone about a pending case, because all parties need to be present when a discussion is held about that case, unless there are very unusual circumstances. Ms. Reinke then told my administrative assistant that she is the daughter of the corrections officer who was injured by Mr. Fleming and that she wants to give a victim's statement. My administrative assistant took her telephone number and said that word back to her would be given after my administrative assistant has spoken to me. When my administrative assistant had relayed the message to me, I asked her to arrange a meeting with the lawyers involved in the case. The earliest time that schedules could be matched was at 10:00 a.m. on Tuesday, October 3. I met with counsel in the courtroom at that time, notifying them of Ms. Reinke's telephone call and getting their views of what should be done.

At the meeting with counsel today I also informed them that I had received a letter signed

by Thomas Fleming, saying that he is opposed to my hearing any more witnesses in the case.

Sharon Lindgren, representing the defendants, who are the Nebraska Department of Correctional Services and those employees of that department who are named in the caption at the top of the first page of this memorandum and order, said that it is their position that a victim's statement to the judge by Ms. Reinke should not be allowed, inasmuch as all relevant evidence has been received at the trial and the case has been submitted to me for decision. Sue Ellen Wall, representing the plaintiff, Thomas Fleming, said that the plaintiff's position is that no further evidence should be allowed.

At today's meeting Ms. Lindgren spoke of the Victim's Assistance, a program developed within the Nebraska Department of Correctional Services to assist victims of crime. Persons who have been or are associated with the program that Ms. Lindgren knew of are Pam Prater and Sarah Nelson. Ms. Reinke, she believes, has some familiarity with that program and with one or both of those persons.

I also mentioned to counsel the federal law, 18 U.S.C. § 3771, setting out rights of crime victims. Counsel were of the view that that statute is not applicable to the present case. I think also that it is not applicable for at least two reasons. First, the statute speaks of two kinds of cases--criminal cases and habeas corpus actions. *Fleming v. Nebraska Department of Correctional Services, et al.* is neither of those. It is a civil action that cannot make any determination of Mr. Fleming's guilt or whether the sentence was appropriate. Both guilt and sentence have been determined by State of Nebraska courts. The only issue before me is whether the State of Nebraska is administering the sentence in accordance with the Constitution of the United States. I do not think that 18 U.S.C. § 3771 pertains to how a sentence is being administered. Furthermore, the case of *Fleming v. Nebraska Department of Correctional Services, et al.* does not touch the issue of any release from prison, or any plea that has been made, or the rightness or wrongness of the sentence given, or any parole issue.

Second, the federal statute, 18 U.S.C. § 3771, in setting out the rights of crime victims, defines "crime victim" as "a person directly and proximately harmed as a result of the conviction of a Federal offense or an offense in the District of Columbia." The *Fleming* case has nothing to do with any federal offense or any offense committed in the District of Columbia.

The request by Karina Reinke to make a statement to me as the judge deciding the case of *Fleming v. Department of Correctional Services, et al.* is denied.

I offer personal sympathy to Ms. Reinke and to any other members of her family who are in pain, even after some 15 years since the nonfatal stabbing of Ms. Reinke's father by Thomas Fleming. Testimony at the trial recently completed indicates that her father sought some solace by meeting personally with Thomas Fleming. Whether such meeting with Thomas Fleming would be of value to Ms. Reinke I do not know, but I have mentioned the Victims' Assistance of the Nebraska Department of Correctional Services in the hope that some assistance might be available through that program.

A copy of this Memorandum and Order on Oral Request for a Victim's Statement shall be sent to Ms. Karina Reinke, as well as to counsel for the parties.

Dated October 3, 2006.

BY THE COURT

*[signature]*

Warren K. Urbom
United States Senior District Judge